IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>upon the relation and for the use of the<br>TENNESSEE VALLEY AUTHORITY,<br>   Plaintiff, | )<br>)<br>)<br>)<br>) | |
| v. | ) | 3:07-0485 |
| AN EASEMENT AND RIGHT-OF-WAY<br>OVER 2.11 ACRES OF LAND, MORE OR LESS,<br>IN WILLIAMSON COUNTY, TENNESSEE, | )<br>)<br>)<br>)<br>) | |
| RONALD WINDROW, et al.,<br>   Defendants. | )<br>) | |

## ORDER

In this case the Defendant-landowners filed objections to the Report of the Commission. The Court held a hearing on the objections on December 16, 2010, heard testimony offered by Defendant, arguments of counsel, and received supplemental briefs by both parties following arguments. The objections of Defendant were reduced by concession and agreement to a single objection, i.e. incidental damage to a 6.09 acre tract adjoining the right-of-way of Tennessee Valley Authority (TVA).

Defendant argues incidental damages of $20,000 to $36,000 per lot assuming that the property will be divided into four 1 ½ acre lots. Plaintiff TVA insists there is no incidental damage to the 6.09 acre tract. The Commission assessed $2,500 incidental damage to the land outside the easement taking.

All experts testified that the highest and best use of the property is residential. On the issue of reduction in value by fear of power lines, the testimony of Plaintiff's appraiser as to comparable sales in the Stonebridge Park Subdivision was relied on by both parties drawing different inferences. Mr. Rogers took an overall approach resulting in a 16.11% to 19.57% reduction in value. TVA

analyzed the same subdivision and produced testimony that the four lots abutting the taking were not diminished in value. TVA presented testimony from appraisers Hall and Standifer of comparable sale prices from other subdivisions showing no diminution in value. The landowner insists that these other subdivisions were not comparable because they are not in Williamson County.

The parties differed on whether the 6.09 acres could be considered an open space development. Plaintiff TVA argues use of the 6.09 acres or portion thereof as open spaces would further dictate a finding of no incidental damages. Defendant presented testimony from the Town Planner of Nolensville and from a member of the Williamson County Planning Department staff. Both testified to the probability of the property being annexed by the town of Nolensville. If annexed, open space development would not be permitted. This potential impact was speculative at best and especially in view of the agreement that the highest and best use of the property is residential 1 ½ acre lots.

The Commission viewed the property, heard the testimony and judged the credibility of the witnesses, and prepared a lengthy and well-reasoned report. The Court differs from the Report only in respect to a diminution in value due to visual proximity of power lines. The lots are estimated to have a selling price of approximately $100,000 to $120,000 each. The Court believes a 10% diminution in value is appropriate. Applying this to the sale price of $100,000 each, the incidental damages to the 6.09 acre tract is $40,000. In all other respects the report of the Commission is AFFIRMED.

IT IS SO ORDERED.

_____
THOMAS A. WISEMAN, JR., Senior U.S. District Judge